UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br>    Plaintiff, <br><br>  v. <br><br>**COMFORT CARE 4 U, LLC,** a Wisconsin corporation, and **ZAINABU KOOISTRA**, an individual, <br><br>    Defendants. | Civil Action No.:19-cv-226 |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants **COMFORT CARE 4 U, LLC,** a Wisconsin limited-liability company, and **ZAINABU KOOISTRA,** an individual, (hereinafter collectively "Defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (the "Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A)     Defendant, **COMFORT CARE 4 U, LLC**, is and, at all times hereinafter mentioned, was a Wisconsin limited-liability company with an office and a places of business at 6 Schoenemann Ct., Madison, Wisconsin 53719; 1 St. Andrews Circle, Madison, Wisconsin 53717; 213 Glacier Drive, Madison, Wisconsin 53705;  5126 Whitcomb Drive, Madison, Wisconsin 53711; 2100 Westchester Road, Madison, Wisconsin 53711; 3105 Silverton Trail, Madison, Wisconsin 53719; and 3008 Maple Valley Drive, Madison, Wisconsin 53719; each of which is in Dane County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the business of providing group-living facilities for physically and mentally disabled adults and in the performance of related types of activities.

(B)     Defendant, **ZAINABU KOOISTRA**, an individual, is a co-owner of the defendant corporation.  At all times hereinafter mentioned, **ZAINABU KOOISTRA** was engaged in business within Dane County at 6 Schoenemann Ct., Madison, Wisconsin 53719, acting directly or indirectly in the interest of the company defendant in relation to its employees and is an employer within the meaning of section 3(d) of the Act, hiring employees, firing employees, setting pay rates for employees, conducting employees' performance reviews, approving employees' vacation requests, and determining employees' work schedules for **COMFORT CARE 4 U, LLC.**

III

**COMFORT CARE 4 U, LLC**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

2

IV

**COMFORT CARE 4 U, LLC,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

**COMFORT CARE 4 U, LLC,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(B) of the Act in that said enterprise at all times hereinafter mentioned provides institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institutions.

VI

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

(A)     Defendants paid certain employees the overtime premium only after 80 hours of work over a period of two workweeks, instead of paying after 40 hours of work over one workweek as required by section 7 of the Act.

(B)     Defendants also failed to count hours worked on overnight shifts when computing overtime compensation.

(C)     Defendants also failed to pay the overtime premium to employees who were misclassified as exempt from overtime under 29 C.F.R. Part 541.

## VII

Defendants repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show, adequately and accurately, the overtime premium paid exclusive of the amounts paid at the regular rate.  Defendants also failed to post a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where Defendants' employees are employed so as to permit them to observe readily a copy.

## VIII

During the period since February 1, 2016, Defendants have repeatedly violated the provisions of the Act as set forth above.  A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

**1.** pursuant to section 16(c) of the Act, finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

**2.** pursuant to section 17 of the Act, enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding Plaintiff the costs of this action; and

**D.** For an Order granting such other and further relief as may be necessary and

appropriate.

          **KATE S. O'SCANNLAIN**
          Solicitor of Labor

          **CHRISTINE Z. HERI**
          Regional Solicitor

P.O. ADDRESS:          s/Kevin M. Wilemon
          **KEVIN M. WILEMON**
Office of the Solicitor          Trial Attorney
U.S. Department of Labor
230 S. Dearborn St., Room 844          Attorneys for **R. ALEXANDER ACOSTA**,
Chicago, Illinois 60604          Secretary of Labor, United States
Telephone No.:  312/353-6973          Department of Labor, Plaintiff
Fax No.: 312/353-5698
E-mail: wilemon.kevin@dol.gov

**EXHIBIT A**

1. Kuta Baldeh
2. Numu Barrie
3. Cecilia Blake
4. Charlie Blake
5. Awa Bojang
6. Bintou Dabo
7. Alieu Dibba
8. Oley Dibba
9. Babaoucarr Dibba
10. Alansana Diedholu
11. Patrick Fau
12. Ousman Federa
13. Basiru Fofana
14. Pulcherie Gandjul
15. Abba Gibba
16. Adama Hydara
17. Aminata Jackson
18. E. Wilmot Jackson
19. Raynotou Jallow
20. Amie Jammeh
21. Haddy Jammeh
22. Viane Davis Jenkins
23. Aminatta Jeng
24. Rohey Jeng
25. Daba Kora
26. Laity Loum
27. Jose Muniz
28. Mutana Nyang
29. Fatou Sanyang
30. Abas Said
31. Muhamadou Suso
32. Umu Tarawally
33. Kebba Touray
34. Jestina Weah