IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,[1]

                Plaintiff,

v.

COMFORT CARE 4 U, LLC, and
ZAINABU KOOISTRA,

                Defendants.

OPINION and ORDER

19-cv-226-jdp

---

The Secretary of the United States Department of Labor (DOL) has filed claims against Comfort Care 4 U, LLC and its co-owner, Zainabu Kooistra, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The DOL has moved to strike six of defendants' nine affirmative defenses, asserting that they do not meet the pleading requirements of Federal Rule of Civil Procedure 8(a). Defendants' affirmative defenses are bare-bones and conclusory, but the DOL has already obtained fair notice of the basis for the affirmative defenses through other means. Requiring defendants to correct their pleadings would be a waste of time and resources. So the court will deny the motion. Defendants ask for their costs and attorney fees generated in responding to the DOL's motion. But they cite no authority in support of their request, and the DOL's motion has at least arguable merit. The court will deny defendants' request for cost-shifting.

---

[1] The court has changed the caption to reflect that Eugene Scalia became Secretary of Labor on September 30, 2019.

ANALYSIS

The DOL alleges in its complaint that defendants, who operate group-living facilities for physically and mentally disabled adults, repeatedly violated the overtime provisions of the FLSA in paying their employees. Defendants generally deny the allegations and set forth nine affirmative defenses. The DOL challenges six of them in its motion to strike. The challenged defenses are:

1. Plaintiff fails to state a claim upon which relief may be granted as to one or more theories of recovery.

2. Defendants acted in good faith and had reasonable grounds for believing that they acted properly in their pay practices and w[ere] in good faith compliance with the statutes and regulations cited in the complaint.

3. The claims in the complaint are barred, in whole are in part, by the de minimis doctrine.

4. The claims in the complaint are barred, in whole or in part, by applicable statutes of limitations.

5. Plaintiff is not entitled to recover liquidated damages.

6. Those individuals on whose behalf plaintiff seeks recovery may be exempt from overtime under federal law.

Dkt. 8, at 3.

Rule 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The claim must be "plausible on its face," and include factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The DOL objects to defendants' affirmative defenses as bare-bones, conclusory allegations that are insufficient to meet the *Twombly-Iqbal* pleading standard, which this court has previously treated as applicable to affirmative defenses. *See Boehm v. Legends of the Field, LLC*,

No. 15-cv-683-jdp, 2016 WL 2732202, at *1 (W.D. Wis. May 10, 2016) (noting that applying the *Twombly-Iqbal* standard to affirmative defenses "appears to be the emerging rule in this circuit").

The DOL is correct that defendants' affirmative defenses are factually sparse. "[T]he context of an affirmative defense includes the allegations of the complaint, and thus it typically does not take a rich factual exposition to make an affirmative defense plausible." *Nouis Techs., Inc. v. Polaris Indus. Inc.*, No. 14-cv-233-JDP, 2015 WL 3407862, at *2 (W.D. Wis. May 27, 2015). Even so, the DOL is entitled to a fuller explanation of the basis of defendants' affirmative defenses than what defendants have provided in their answer. But the record here shows that the DOL investigated defendants for these alleged FLSA violations for more than a year prior to initiating this suit, during which time counsel for defendants raised and elaborated the factual and legal issues that underlie most of the affirmative defenses they later asserted in their answer. *See* Dkt. 10-1 (June 8, 2018 letter from defendants' counsel). What's more, the DOL has served contention interrogatories asking defendants to explain the basis of each affirmative defense, *see* Dkt. 20, ¶ 2, so it presumably now has whatever information it previously lacked. The basic function of pleading is to put a party on notice of the other side's claims and defenses. Whatever the defects in defendants' answer, that basic function has been satisfied here.

The DOL asks the court to strike the six challenged affirmative defenses with prejudice, which suggests that its real purpose in filing this motion to strike was to limit defendants' defenses, not to gain additional information. Even if the court were to grant the DOL's motion, it would not strike the bare-bones and conclusory defenses with prejudice. "Defenses are pleadings, and as such, leave to amend is freely granted as justice requires." *Heller Fin., Inc. v.*

*Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). If deficiencies in defendants' affirmative defenses might be rectified by amendments alleging additional supporting facts, the court would be inclined to allow such amendments. The court will strike with prejudice only "defenses that are not appropriately pleaded as affirmative defenses or for which it is impossible for the defendant to prove a set of facts in support." *Hayes v. Agilysys, Inc.*, No. 09 C 727, 2009 WL 891832, at *1 (N.D. Ill. Mar. 30, 2009) (citations omitted).[2] At this point, requiring a further answer containing information that the DOL already has would be an exercise in pointless formalism. So the court will deny the DOL's motion.

ORDER

IT IS ORDERED that the Department of Labor's motion to strike, Dkt. 13, is DENIED. Plaintiffs' request for costs and attorney fees is DENIED.

Entered November 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[2] At least one of defendants' asserted defenses is not an affirmative defense, but rather a general defense that need not be asserted in an answer. A defense is an affirmative defense if it is specifically enumerated in Rule 8(c), if the defendant bears the burden of proof, or if the defense does not controvert the plaintiff's proof. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012). "Failure to state a claim upon which relief may be granted" does not qualify because it is simply an assertion that the DOL has failed to meet its pleading burden. But the DOL doesn't ask the court to strike that defense on this basis, so the court will not do so.