## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **EUGENE SCALIA,**[1] | ) | |
| Secretary of Labor, United States | ) | |
| Department of Labor, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case: 3:19-cv-00226-jdp |
| | ) | |
| **COMFORT CARE 4 U, LLC,** a Wisconsin | ) | Hon. James D. Peterson |
| corporation, and **ZAINABU KOOISTRA,** | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

### CONSENT JUDGMENT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor ("Plaintiff"), having filed a complaint, and Defendants **COMFORT CARE 4 U, LLC,** a Wisconsin limited-liability company, and **ZAINABU KOOISTRA,** an individual, (collectively, "Defendants"), hereby appearing by counsel, acknowledge receipt of a copy of the complaint and waiving service thereof, having answered, and having been duly advised in the premises, agree to the entry of this Consent Judgment without contest. Now, therefore, upon motion of attorneys for Plaintiff and Defendants, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.* (the "Act") as follows:

---

[1] By operation of law, Eugene Scalia is substituted *sub nom.* for former Acting Secretary of Labor Patrick Pizzella. FED. R. CIV. P. 25(d).

EXHIBIT A

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Act, that Defendants, their officers, agents, servants, employees and all other persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

## I

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed. Specifically, Defendants shall not:

A.      Pay employees the overtime premium only after 80 hours of work over a period of two workweeks, instead of paying after 40 hours of work over one workweek as required by section 7 of the Act;

B.      Pay employees the overtime premium only after 80 hours of work over a period of two workweeks, instead of paying after 40 hours of work over one workweek or eight hours per workday as required by section 7(j) of the Act;

C.      Fail to include sleep time as hours worked on overnight shifts when computing overtime compensation for shifts lasting less than 24 hours; and

EXHIBIT A

D.     Misclassify house managers whose "primary duty" is not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers as exempt from overtime under 29 C.F.R. § Part 541.

## II

Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516. This includes, but is not limited to, maintaining records of all hours worked showing, adequately and accurately, the overtime premium paid exclusive of the amounts paid at the regular rate. Defendants shall also not fail to post a notice explaining the Act, as prescribed by the Wage and Hour Division and available at https://www.dol.gov/agencies/whd/posters/flsa, in conspicuous places in every establishment where Defendants' employees are employed so as to permit them to observe readily a copy.

## III

A.     If Defendants intend to claim an exemption to the overtime requirements of the Act, prior to claiming such exemption, Defendants shall notify each affected employee in writing. Defendants shall inform such employees of the exemption Defendants intend to claim and the basis for claiming the exemption.

3

B.     For a period of two years commencing with the date this Consent Judgment is entered, Defendants shall provide the following Wage and Hour Division Fact Sheets to all current and future employees: #17C (Administrative Exemption); #17G (Salary Basis, Part 541 Exemptions); #21 (Recordkeeping Requirements under the Fair Labor Standards Act); and #23 (Overtime Pay Requirements of the Fair Labor Standards Act), which are available at https://www.dol.gov/whd/fact-sheets-index.htm.

## IV

The Defendants hereby acknowledge and the Court finds that:

A.     Defendant **COMFORT CARE 4 U, LLC**, is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the Act.

B.     Defendant **COMFORT CARE 4 U, LLC**, is engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

C.     Defendant **ZAINABU KOOISTRA** acted directly or indirectly in the interest of the corporate Defendant **COMFORT CARE 4 U, LLC,** and is an "employer" under section 3(d) of the Act and is, as such, individually responsible for the obligations contained in this Consent Judgment.

4

## V

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 17 of the Act, in favor of Plaintiff and against Defendants in the total amount of $102,500 in back wages, plus pre-judgment interest of 1% during the violative periods in Exhibit A and post-judgment of interest of 2% for the installment amounts set forth in Exhibit B, beginning on June 15, 2020.

## VI

The monetary provisions of Paragraph V of this Consent Judgment shall be deemed satisfied, upon Defendants' delivery to the Plaintiff's representative of the following:

A.     Within five days of the entry of this Consent Judgment, a schedule, in duplicate, showing the name, last known address, and social security number for each person enumerated in Exhibit A. Plaintiff will be responsible for withholding Federal Insurance Contributions Act contributions, providing each person enumerated in Exhibit A with an Internal Revenue Service ("IRS") Form W-2, and providing Defendants with an IRS Form 941-X on a quarterly basis. Nothing in this Consent Judgment precludes Defendants from complying with court-issued wage deduction, child support orders, or other garnishments required by law from the payments being made pursuant to this Consent Judgment.

B.     Payment of the back wages, including the payment of pre-judgment interest and post-judgment interest, due in the installment amounts in Exhibit B may be paid online by ACH transfer, credit card, debit card, or digital wallet by

EXHIBIT A

going to https://www.pay.gov/public/form/start/77692637 or by going to https://www.pay.gov and searching "WHD Back Wage Payment – Midwest Region" on or before the date each installment amount is due. Defendants shall pay using the Pay.gov system. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

C.      In the event the Pay.gov system is unavailable, Defendants may also pay the total amounts due by submitting a certified or cashier's check for the back wages, including pre-judgment and post-judgment interest, with notations as such, payable to "Wage and Hour Div. – Labor" to the U.S. Department of Labor, Wage and Hour Div., P.O. Box 2638, Chicago, IL 60690-2638.

## VII

Plaintiff shall distribute the proceeds of the payments referred to in Paragraph VI hereof to the persons enumerated in Exhibit A or to their estates, if that be necessary and any amounts of unpaid compensation not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

## VIII

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, electronic payment, or any other form, for wages previously due or to become due in the future

EXHIBIT A

to said employee under the provisions of this Consent Judgment or the Act; nor

shall Defendants accept, or receive from any employee, either directly or indirectly,

any money in the form of cash, check, electronic payment, or any other form, for

wages heretofore or hereafter paid to said employee under the provisions of this

Consent Judgment or the Act; nor shall Defendants discharge or in any other

manner discriminate, nor solicit or encourage anyone else to discriminate, against

any such employee because such employee has received or retained money due to

him from the Defendants under the provisions of this Consent Judgment or the Act.


**DATED**   _JUNE 10, 2020_


_____

HON. JAMES D. PETERSON
UNITED STATES DISTRICT JUDGE


Judgment Entered this 10th Day of June, 2020.


_____s/_____
Peter Oppeneer, Clerk of Court

7

EXHIBIT A

**FOR DEFENDANTS:**

ZAINABU KOOISTRA

Dated: 6-5-2020

_____

**COMFORT CARE 4 U, LLC**

By:

Its: FINANCE officer

Dated: 6/8/20

MICHAEL J. MODL
Partner

Dated: 6/8/2020

Attorneys for **COMFORT CARE 4 U, LLC**, a Wisconsin limited-liability company, and **ZAINABU KOOISTRA**, an individual, Defendants

Axley Brynelson, LLP
2 E. Mifflin Street, Suite 200
Madison, WI  53703
Telephone No.: 608/283-6702
E-mail: mmodl@axley.com

**FOR PLAINTIFF:**

**KATE O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**KEVIN M. WILEMON**
Trial Attorney

Dated: 6/8/2020

Attorneys for **EUGENE SCALIA**
Secretary of Labor
U.S. Department of Labor
Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-6973
Fax No.: 312/353-5698
E-mail: wilemon.kevin@dol.gov

8

EXHIBIT A

## EXHIBIT A

|    | Employee | Period Covered by Workweek Ending Dates | Back Wages Due | Prejudgment Interest Due | Total Due[2] |
|----|----------|------------------------------------------|----------------|--------------------------|-----------|
| 1  | Kuta Baldeh | 02/06/2016 to 02/03/2018 | $1,025.32 | $45.93 | $1,071.25 |
| 2  | Numu Barrie | 02/13/2016 to 02/03/2018 | $646.32 | $28.95 | $675.27 |
| 3  | Cecilia Blake | 02/06/2016 to 02/03/2018 | $18,287.40 | $819.12 | $19,106.52 |
| 4  | Charlie Blake | 02/06/2016 to 02/03/2018 | $1,698.59 | $76.08 | $1,774.67 |
| 5  | Awa Bojang | 02/06/2016 to 02/03/2018 | $20,039.34 | $897.59 | $20,936.93 |
| 6  | Bintou Dabo | 02/07/2016 to 02/04/2018 | $1,095.63 | $49.08 | $1,144.71 |
| 7  | Alieu Dibba | 02/06/2016 to 02/03/2018 | $392.34 | $17.57 | $409.91 |
| 8  | Oley Dibba | 02/06/2016 to 02/03/2018 | $1,840.00 | $82.42 | $1,922.42 |
| 9  | Babaoucarr Dibba | 02/07/2016 to 02/04/2018 | $285.29 | $12.78 | $298.07 |
| 10 | Alansana Diedholu | 02/07/2016 to 02/04/2018 | $7,960.15 | $356.55 | $8,316.70 |
| 11 | Patrick Fau | 02/07/2016 to 02/04/2018 | $49.26 | $2.21 | $51.47 |
| 12 | Ousman Federa | 02/06/2016 to 02/03/2018 | $848.06 | $37.99 | $886.05 |
| 13 | Basiru Fofana | 02/07/2016 to 02/04/2018 | $613.01 | $27.46 | $640.47 |
| 14 | Pulcherie Gandjul | 02/07/2016 to 02/04/2018 | $1,268.79 | $56.83 | $1,325.62 |
| 15 | Abba Gibba | 02/07/2016 to 02/04/2018 | $3,399.40 | $152.26 | $3,551.66 |
| 16 | Adama Hydara | 02/07/2016 to 02/04/2018 | $215.50 | $9.65 | $225.15 |

[2] These amounts reflect the gross amounts due before the deduction of federal and state taxes and the addition of post-judgment interest. Post-judgment interest of 2% is reflected in the installment amounts in Exhibit B.

EXHIBIT A

| | Employee | Period Covered by Workweek Ending Dates | Back Wages Due | Prejudgment Interest Due | Total Due[2] |
|---|---|---|---|---|---|
| 17 | Aminata Jackson | 02/07/2016 to 02/04/2018 | $1,349.84 | $60.46 | $1,410.30 |
| 18 | E. Wilmot Jackson | 02/07/2016 to 02/04/2018 | $66.81 | $2.99 | $69.80 |
| 19 | Raynotou Jallow | 02/07/2016 to 02/04/2018 | $3,383.67 | $151.56 | $3,535.23 |
| 20 | Amie Jammeh | 02/06/2016 to 02/03/2018 | $729.44 | $32.67 | $762.11 |
| 21 | Haddy Jammeh | 02/07/2016 to 02/04/2018 | $584.64 | $26.19 | $610.83 |
| 22 | Viane Davis Jenkins | 02/07/2016 to 02/04/2018 | $108.76 | $4.87 | $113.63 |
| 23 | Aminatta Jeng | 02/07/2016 to 02/04/2018 | $6,895.49 | $308.86 | $7,204.35 |
| 24 | Rohey Jeng | 02/07/2016 to 02/04/2018 | $5,040.92 | $225.79 | $5,266.71 |
| 25 | Daba Kora | 02/07/2016 to 02/04/2018 | $4,232.51 | $189.58 | $4,422.09 |
| 26 | Laity Loum | 02/06/2016 to 02/03/2018 | $189.17 | $8.47 | $197.64 |
| 27 | Jose Muniz | 02/07/2016 to 02/04/2018 | $1,035.06 | $46.36 | $1,081.42 |
| 28 | Mutana Nyang | 02/07/2016 to 02/04/2018 | $7,783.62 | $348.64 | $8,132.26 |
| 29 | Fatou Sanyang | 02/06/2016 to 02/03/2018 | $6,189.46 | $277.23 | $6,466.69 |
| 30 | Abas Said | 02/07/2016 to 02/04/2018 | $1,253.99 | $56.17 | $1,310.16 |
| 31 | Muhamadou Suso | 02/06/2016 to 02/03/2018 | $270.44 | $12.11 | $282.55 |
| 32 | Umu Tarawally | 02/06/2016 to 02/03/2018 | $2,758.98 | $123.58 | $2,882.56 |
| 33 | Kebba Touray | 02/07/2016 to 02/04/2018 | $355.94 | $15.94 | $371.88 |
| 34 | Jestina Weah | 02/06/2016 to 02/03/2018 | $606.82 | $27.18 | $634.00 |
| | Total | | $102,500 | $4,591.12 | $107,091.08 |

EXHIBIT A

## EXHIBIT B

| Installment Number | Date Due | Back Wage and Pre-Judgment Interest Amount Due | Post-Judgment Interest | Total Installment Amount |
|:---:|:---:|:---:|:---:|:---:|
| 1 | 06/15/2020 | $10,629.05 | $178.48 | $10,807.53 |
| 2 | 07/15/2020 | $10,646.76 | $160.77 | $10,807.53 |
| 3 | 08/15/2020 | $10,664.51 | $143.02 | $10,807.53 |
| 4 | 09/15/2020 | $10,682.27 | $125.26 | $10,807.53 |
| 5 | 10/15/2020 | $10,700.08 | $107.45 | $10,807.53 |
| 6 | 11/15/2020 | $10,717.91 | $89.62 | $10,807.53 |
| 7 | 12/15/2020 | $10,735.77 | $71.76 | $10,807.53 |
| 8 | 01/15/2021 | $10,753.68 | $53.85 | $10,807.53 |
| 9 | 02/15/2021 | $10,771.60 | $35.93 | $10,807.53 |
| 10 | 03/15/2021 | $10,789.45 | $17.98 | $10,807.43 |
| Totals | | $107,091.08 | $984.12 | $108,075.20 |

EXHIBIT A